ANDERS MICKELSON and Another v. DULUTH BUILDING & LOAN ASSOCIATION.[1]

June 16, 1897.

Nos. 10,484—(110).

**Review on Appeal—Sufficiency of Record.**
> The record not purporting to contain all the evidence, and there being no assignments of error which raise the question of the sufficiency of the findings of fact to justify the order for judgment, the order denying a new trial is affirmed.

**Same—Building Society—Rights of Members.**
> Certain special reasons suggested why a court ought not to pass upon the relative rights of so-called building societies and their borrowing members, under its scheme as contained in its articles and by-laws, unless put in possession of all material facts.

Appeal by defendant from an order of the district court for St. Louis county, Moer, J., denying its motion for a new trial. Affirmed.

*Davies & Bureau,* for appellant.
*Eckman & Stevenson,* for respondents.

MITCHELL, J. This was an action by a borrowing member of the defendant association to recover an alleged surplus realized on a mortgage foreclosure sale over and above the amount due on

[1] Reported in 71 N. W. 703.

the mortgage. The principal question discussed by counsel was the proper mode of computation to be adopted in determining the amount due on the mortgages of defaulting borrowing members; and it was stated that, while the amount involved is small, this case is important, as the decision will determine how the defendant, under its scheme, must compute the amount due on other mortgages. The schemes of modern building societies are, at best, very complicated, and their articles and by-laws are often ambiguous and obscure in their meaning. Hence it is very important that a court should be possessed of all the facts before it should be called upon to lay down general rules that are to be precedents for other cases. We have had in our own experience an instance of the evils resulting from deciding such cases on a partial or incomplete statement of the facts. Compare Fitzgerald v. Hennepin, 56 Minn. 424, 57 N. W. 1066, and 59 N. W. 191, with McDonough v. Hennepin, 62 Minn. 122, 64 N. W. 106. We advert to these facts for the reason that the record in this case is not in shape to present the main question argued by counsel; and, if we should volunteer an opinion upon it, it would be as likely to mislead as to aid parties hereafter. The record does not purport to contain all the evidence in the case, or all of it on any of the points raised by counsel. Hence the questions whether the findings of fact were sustained by the evidence, and whether the court should have dismissed the action when plaintiff rested, are not open to the defendant. This disposes of most of the assignments of error.

There are no assignments of error which raise the question whether the findings of fact support the order for judgment. The only one that could possibly be claimed to raise that point is the eleventh.[2] But that is insufficient. Neither was it argued nor discussed by counsel in his brief or in his oral argument. The first assignment of error is too general, and the second is neither well taken nor urged by counsel. The only remaining assignment of error is the sixth, which attempts to raise a question of comparatively little importance; and, in the absence of a record purporting to contain all the evidence as to Mrs. Mickelson's interest in this surplus, we cannot say that the court erred, if it would be re-

[2] "The court erred:" "Eleventh, in granting order for judgment for plaintiffs in any sum whatever."

versible error under any circumstances, in ordering affirmative judgment in favor of each party against the other, instead of deducting defendant's counterclaim from the amount due the plaintiffs, and ordering judgment in their favor for the balance.

To show that we are justified in declining, upon the record, to pass upon the merits of this case, and are not evading doing so on merely technical grounds, we call attention to the fact that the record only contains parts of the defendant's by-laws, and the only one of these fragments which seems to have any material bearing on the main question discussed is that providing for voluntary prepayment by borrowing members. This, in itself, is very obscure; and whether there is any other by-law which makes its meaning clear, or whether there is any other by-law providing a different mode of computing the amount due on the mortgages of defaulting borrowing members, does not appear. There are other important questions which the record leaves in the dark. We ought to have before us the whole scheme of the defendant contained in its articles and by-laws, or all that is material to the question, before we are called upon to place a construction upon them, and lay down general rules governing the relative rights of the association and borrowing members in such cases.

Order affirmed.