STATE OF MINNESOTA *ex rel.* HENRY M. RICE *vs.* JAMES A. SMITH.

May 28, 1886.

**Constitution—Title of Law—Taxation.**—Laws 1881, *c*. 10, § 22, repealing Laws 1877, *c*. 6, § 37, (requiring the service of notice of the expiration of the period for redemption from tax sales,) *held* unconstitutional, because the subject of such enactment is not expressed in the title of the act.

The relator appeals from an order of the district court for St. Louis county, *Stearns,* J., presiding, quashing an alternative writ of *mandamus.* The writ required the respondent, who is county auditor, to show cause why he should not certify to the amount due upon the redemption of certain land which had been sold under tax judgments in the years 1881 and 1882 for the taxes of 1880 and 1881, it appearing that the relator was the owner of the property, except for such tax sales, and that no notice of the expiration of the time of redemption had been given as required by Laws 1877, *c*. 6. This proceeding was instituted in December, 1885.

*McMillan & Beals* and *Gordon E. Cole,* for appellant.

*Ensign, Cash & Williams* and *C. A. Congdon,* for respondent, cited, among other cases, *Tuttle* v. *Strout,* 7 Minn. 374, (465;) *State* v. *Gut,*

13 Minn. 315, (341;) *State* v. *Kinsella*, 14 Minn. 395, (524;) *Atkinson* v. *Duffy*, 16 Minn. 30, (45;) *State* v. *Cassidy*, 22 Minn. 312, 325; *Hoffman* v. *Parsons*, 27 Minn. 236; *Mississippi & Rum River Boom Co.* v. *Prince*, 34 Minn. 79; *Gillitt* v. *McCarthy*, Id. 318.

DICKINSON, J.   This appeal is to test the constitutionality of chapter 10 of the General Laws of 1881, so far as respects section 22, which in terms declares the repeal of section 37 of chapter 6 of the General Laws of 1877, requiring the service of a notice of the expiration of the period for redemption from tax sales.   The appellant claims that this repealing section is ineffectual, because the subject of it is not expressed in the title of the act, in compliance with the constitutional requirement that "no law shall embrace more than one subject, which shall be expressed in its title."   Const. art. 4, § 27.

In *Gaston* v. *Merriam*, 33 Minn. 271, (22 N. W. Rep. 614,) it was taken for granted, without consideration, that this was a valid legislative enactment, no question of this kind having been involved in that case.

The title of this act is "An act to amend chapter 1 of the General Laws of 1878, to provide for the assessment and collection of taxes, being chapter 11, General Statutes of 1878."   As is indicated by this title, the act of 1878 there referred to is entitled "An act to provide for the assessment and collection of taxes."   The latter part of the title of the law in question—"being chapter 11, General Statutes of 1878"—does not enlarge the scope of the preceding part of the title so as to affect the determination of the matter in controversy, and may be disregarded for the purposes of this case.   These words refer to Young's compilation of statutes made in that year, which was never adopted or enacted as a law, or revision of the laws, although it was, by chapter 67, Laws 1879, made "competent evidence of the several acts and resolutions therein contained in all courts of this state."   That part of the title referring to this compilation implies the identity of the act to be amended (chapter 1, Laws 1878) and chapter 11 of that compilation; but in fact they are not the same. Among the statutes not enacted in 1878, but which are embraced in chapter 11 of the compilation, are acts passed in 1867, 1868, 1871, 1873, 1876, and 1877.   Among these, and designated as section 121,

is section 37 of chapter 6 of the Laws of 1877. The subject of the act of 1881, as expressed in its title, can only be construed as being "to amend chapter 1 of the General Laws of 1878," and not to amend also such *other* laws as may be embraced in chapter 11 of the compilation referred to. The evident purpose and effect of the latter part of the title was to indicate where, in the compilation of 1878, the act to be amended, and which is specifically designated, might be found.

The question, then, is reduced to this: Does the title, "An act to amend chapter 1 of the General Laws of 1878, [which is entitled an act] to provide for the assessment and collection of taxes," express the subject of the enactment, so far as relates to the express repeal of section 37 of the act of 1877?

In *Gaston* v. *Merriam*, *supra*, it became necessary for us to determine the relation of that part of the act of 1877 in question (section 37) and of the act of 1878 to each other. It was there considered that the later act of 1878 did not repeal, by implication, section 37 of the act of 1877; that both acts co-existed as separate and independent enactments, the later act being qualified in its operation by the former. The act of 1878 did not include that of 1877, nor did it contain any provision respecting the giving of notice at the expiration of the time for redemption. The whole provision of the statute upon that particular subject, when the amendatory act of 1881 was passed, was embodied in the act of 1877. Bearing this in mind, let us consider also the nature of the amendatory act. The legislation affected by that act is contained in 22 sections. Twenty of these consist of "amendments," in the proper and usual sense of the word, of various specified sections of the law of 1878. The twenty-first section added to the act a new provision relating to the refunding of taxes, and of the purchase price paid at tax sales, under certain circumstances. The only remaining section is that under consideration, which simply declares the repeal of section 37 of the act of 1877. Neither in the provisions of the law of 1878, as was shown in *Gaston* v. *Merriam*, nor in the amendatory provisions of the act of 1881, was there anything inconsistent with the law of 1877, requiring notice to be served, in the manner there prescribed, of the expiration of the

period for redemption. The act of 1877 remained in force, unaffected by any legislation, unless by this declared repeal.

The legislative purpose in enacting this section—the object to be accomplished—is unmistakably and conclusively expressed upon its face. It is this, and only this: the repeal of the specified law of 1877. The proper subject of such an enactment is the repeal of that law, and not the amendment of the distinct act of 1878, although both statutes related to the same general subject of tax proceedings, and were to be construed as parts of the law *in pari materia*. The subject of the act expressed in its title—to amend the specified act of 1878—cannot but be at once recognized as a misnomer, as applied to this repealing section. To test this, let us bring the title and the enactment in question closely together, by disregarding the prior, and properly amendatory, sections; or let us suppose that this act, entitled as it is, had consisted only of this one section, simply declaring the repeal of the law of 1877. The mere statement of such a case, the nature of the two acts being kept in mind, renders apparent the answer to the question as to whether the subject of such repealing enactment is expressed in the title,—"An act to amend" the designated law of 1878. The insufficiency of the title would be obvious and incontestable. It would be not merely insufficient, but a misnomer, erroneous, and misleading. Yet the case before us is not essentially different from that supposed. For the purpose of determining whether the subject of this repealing section is expressed or embraced in the title of the statute, we may disregard the prior, and properly amendatory, sections; for they contain nothing touching or affecting the provisions of the law of 1877, nor any which suggest a necessity, reason, or occasion for its repeal. In all essential particulars, that part of the act amendatory of the law of 1878, and the section repealing that of 1877, stand apart, and related to each other only as the act amended and the act repealed were related to each other; that is, they both concern the general subject of tax proceedings. Therefore the provisions of this act which are amendatory of the law of 1878 had no effect to render appropriate this title as expressive of the subject of the section repealing the law of 1877; and as to that, the title is as clearly insufficient as it would have been if

the whole body of the act had consisted only of this declared repeal of the law different from that referred to in the title.

The respondent asserts a proposition as a rule of determination which has been laid down in some decided cases cited in his brief, and which, if applied without qualification, would perhaps support this enactment. It may be thus expressed: In an amendatory act, entitled as such, the title being not restrictive in its terms, may be embraced any legislation which might have been enacted in the original law under its title. From the very nature of the case, it is difficult, if not impossible, to lay down any general rule by the application of which questions like that under consideration can be determined. It must necessarily be considered in each case what is the real subject of the enactment in question, and whether it is fairly expressed in the title; a liberal, rather than a strict, rule of construction in favor of the law being always observed. If the judgment formed upon such consideration of the case is opposed to the results of the application of what is suggested as a general rule for the determination of such cases, we may well consider whether there be not some defect in the rule. Reflection will satisfy the mind that such a rule as is here suggested cannot be adopted,—at least without important qualification.

An amendatory law is for the amendment, not of what *might have been* enacted under the title of the original statute, but of what *was* enacted; not of what the original law might have been, but of what it was. Hence the sufficiency of the title of an act merely declared to be amendatory of a prior law, to justify the legislation which may be enacted under it, depends, not alone upon the fact that the title of the original statute was so comprehensive that the legislation in question might have been properly enacted in such prior law, but it depends also upon the nature and extent of the prior enactment to amend which is the declared purpose or subject of the later act. This seems self-evident; but, to test the correctness of the rule invoked, let us apply it to supposable cases. We will assume that under the title of the law of 1878—"An act to provide for the assessment and collection of taxes"—the only legislation adopted had been a change of the prior law in respect to the time of meeting of the state board

of equalization, or of the manner of publishing the delinquent list. Now, suppose a later act, declared in its title to be amendatory of that act, to consist of two sections, the first amending the prior act by prescribing a different time for the meeting of the state board, or a different manner of publishing the delinquent list.   The second section, we will suppose, simply declares the repeal of section 2 of a law of 1873 (Sp. Laws 1873, c. 111) authorizing railroad corporations to adopt the scheme of substituted taxation in that act provided; or let the supposed second section declare the repeal of a law of 1877 (chapter 105) which required an annual return by railroad corporations of lands sold from their untaxable land grant, so that the same might be properly subjected to taxation; or, again, let the supposed second section be like that now in question,—simply the repeal of the act of 1877 respecting the giving of notice of the expiration of the period for redemption; or let us suppose that the so-called amendatory act had consisted only of such repeal of the law of 1877.   In such cases, the mind is at once impressed with the incongruity between the subject of the act as expressed in its title and the enactment under it. Yet the principle relied upon by the respondent would sustain such legislation, because it might have been adopted under the title of the original law.   The fault in the asserted rule is that it does not regard the nature and extent of the original enactment which it is the declared purpose of the later act to amend, but only the title of it; it rests upon the assumption that the enactment was as comprehensive as under its title it might have been.   We think it cannot be relied upon to aid in the determination of such cases, and, if recognized as a rule without qualification, that it would open a way to the accomplishment of the very evils which the constitutional provision was intended to prevent.

The respondent suggests as another reason in favor of the constitutionality of this law, or rather as a test of its constitutionality, this: In this act of 1881, entitled as it is, the legislature might have made such provisions amendatory of the law of 1878—might have adopted such affirmative legislation—as would have repealed by necessary implication section 37 of the act of 1877.   If this repeal might have been thus effected indirectly, why may the same thing not have been

done directly, and by an express declaration of repeal? This suggestion is plausible, but it cannot be recognized as having force when thoughtfully considered. It may be conceded that such amendatory legislation would have been permissible, and that the result, the repeal by implication of the law of 1877, need not have been expressed in the title. But why this is so—why such an enactment would not violate the clause of the constitution under consideration, while the express repeal in this case does violate it—may be readily stated. The general and unquestioned power of the legislature to enact laws, and to amend prior laws, is attended by the necessary incident and consequence of the sometimes resulting abrogation of other laws incompatible with that enacted. In order that the later act may have effect and be a law, whatever is necessarily inconsistent with it must give way. In such a case the proper subject of the later act will be found in the legislation which is embodied in it; and it is a compliance with the constitutional requirement if that subject is sufficiently expressed in the title of the act. The resulting repeal of other statutes inconsistent with that law is a mere necessary incident and consequence of the exercise of the legislative power to enact the law, and it has not been required by the constitution that the title of an act shall disclose such consequences, or refer to repeals effected by implication of law. But where the purpose of an enactment—whether as to a whole act or to a single section—is not merely to create a new law, or to amend an existing law, but only to repeal a statute not otherwise sought to be affected by the enactment, such repeal is essentially *the subject*, or *a* subject, of the act, and by the terms of the constitution it is required that such subject shall be expressed in the title.

From considerations which have been above set forth, it seems plain to us that such was the case with respect to section 22 of the act of 1881, and we feel no doubt that the title of the act in no manner expressed or suggested the subject of what must be regarded as an enactment distinct from all else that was sought to be accomplished by this law; that is, the repeal of the act of 1877.

The case of *Tingue* v. *Village of Port Chester*, 101 N. Y. 294, (4 N. E. Rep. 625,) recently decided in the court of appeals of New York,

presented the question of the constitutionality of an amendatory act under circumstances similar to those which we have been considering. The village of Port Chester had been incorporated by legislative enactment in 1868. The charter was amended in 1875. By chapter 227 of the Laws of 1877 authority was given to make reassessments for local improvements when the original assessments should be (in the future) set aside as illegal. By an act in 1878 it was sought, among other things, to so amend this latter act as to authorize reassessment in case of a former assessment being set aside either *before* or after the passage of that act. This amendatory act of 1878 was entitled "An act to amend chapter 245 of the Laws of 1875, entitled 'An act to amend chapter 818 of the Laws of 1868, entitled "An act to incorporate the village of Port Chester;'" and to amend chapter 227 of the Laws of 1877." Following prior decisions, the court held that the reference in this form to chapter 227 of the Laws of 1877 did not serve as the expression of a subject of the proposed enactment, and, in their view of the case, it was as though no such reference had been made. We will say, in passing, that we do not wish to be understood as adopting the opinion of the court upon that particular point. The attempted amendment was held unconstitutional because the subject was not expressed in the title.

It is said that the act of 1877 is subject to like constitutional objections as that of 1881. We find no ground to support this claim. None of the reasons upon which our judgment as to the constitutionality of the law under consideration is based are applicable to that of 1877, which act is in no respect extraordinary. There is no reasonable ground for questioning its validity.

Our conclusion being that the declared repeal was unconstitutional, the order appealed from must be reversed, and the cause remanded for further proceedings in the district court.