STATE OF MINNESOTA, *ex. rel.* W. C. Nash, *vs.* CHRISTIAN MADSON.

June 9, 1890.

Constitution—Act Embracing more than One Subject—Expression in Title.—An act of the legislature is not repugnant to the provisions of section 27, art. 4, of the constitution, because it embraces, technically, more than one subject, (one of which only is expressed in the title,) so that they are not foreign and extraneous.

Same—Expression of Objects of Acts.—It is not important that all of the various objects of an act be expressly stated in its title, or that the act itself indicates objects other than that so mentioned: provided they are not at variance with the one so expressed, but in consonance therewith.

Same—Amendatory Act—Title.—The sufficiency of the title of an amendatory law to justify the legislation under it depends not alone upon the comprehensiveness of the title, but also upon the nature and extent of the enactment, to amend which is the office and declared purpose of the later act.

Same—Amendment of Section of Act.—If an amendment is not foreign to the title of the original statute, it makes no difference whether it is cognate to the section amended.

Same—Act Amending City Charter.—The subject-matter found in Sp. Laws 1889, *c.* 25, § 6, is sufficiently expressed in the title to the act; and no more than one subject is embraced therein.

*Mandamus*, brought in the district court for Polk county, by the relator, treasurer of school-district No. 3, in that county, to compel the respondent, treasurer of the city of East Grand Forks, to pay over to him the sum of $3,710, received by respondent, as such city treasurer, in payment for licenses for the sale of intoxicating liquors in the city. The relator appeals from an order of *Mills*, J., quashing the writ.

*P. C. Schmidt*, for appellant.

*H. Steenerson*, for respondent.

COLLINS, J. The only question presented by this record which we need to consider at length, is whether section 6, *c.* 25, Sp. Laws 1889, is invalid and ineffectual because the subject thereof is not expressed

in the title of the act, or because more than one subject is embraced in the law. It is entitled "An act to amend an act entitled 'An act to incorporate the city of East Grand Forks in Polk county,' approved March 7, 1887," and the respondent's claim is that it is repugnant to the provisions of section 27, art. 4, of the state constitution,—an article which has been discussed and passed upon by this court time and time again.

Section 6, involved in this litigation, reads as follows: "Sec. 6. Chapter 3 of said act is hereby amended by adding thereto the following section: 'Sec. 15. Nine-tenths (9-10) of all money heretofore received and now on hand, or which hereafter shall be received by said city in payment of liquor license, shall be turned into the treasury of school-district number three (3) in said county, to be used for the support of schools maintained in said district.'" It will be noticed upon examination of the law of which chapter 25, *supra,* was amendatory, (Sp. Laws 1887, *c.* 45,—the original act incorporating the city of East Grand Forks,) that subchapter 3 of the same is wholly devoted to other matters than licenses, or the regulation of the liquor traffic; that its last section is numbered 15, as is the amendment under discussion; and that the subject-matter of the section has no relevancy to that which precedes it,—is quite as foreign to the subjects previously provided for as is the matter covered by the amendment. It will also be observed that, in the original enactment, no reference is made to school-districts or schools whatever, and also that no special disposition is made of the money which may be derived from the issuance of liquor licenses. Necessarily, it went into the city treasury for general purposes. In fact it is contended by counsel for the respondent that, had the original act contained the provision now complained of, it would have been unconstitutional for either of two reasons: *First,* because embracing more than one subject, namely, the subject of a municipal government and the maintenance of public schools in district No. 3; and *secondly,* because the subject of schools was not expressed in its title.

Whether an act of the legislature contains matter different from that which is expressed in the title, or refers to more than one subject-matter, is not at all times easy of solution, and it is extremely dif-

ficult—is well-nigh impossible—to lay down any general rule by which this can always be determined. None, except that in each case the real subject of the enactment in question, and whether the provision is properly germane to and is fairly expressed in the title, a liberal, rather than a strict rule of construction, in favor of the law, always being observed, has ever been attempted by this court in the numerous cases of this character which have heretofore been before it. There is no doubt in our minds but that this provision in reference to license-money could have been incorporated in the original act without violating the fundamental law of the state. The object of chapter 45, *supra,* as expressed in its title, was to create a municipal government for certain specified territory; and what valid objection could have been urged had the legislature therein provided for the establishment and support of public schools? These institutions are an important feature in every municipality. They are part of them, closely connected in many ways, using the municipal officers and machinery in the levying and collecting of their revenues, and frequently, as will be seen upon examination of the various charters in this and other states, fully recognized as a legitimate object of legislation when dealing with the subject of municipal government. So that, had the original enactment covered the matter of public schools, its title would have been ample, and the act itself not open to the charge that more than one subject was embraced in it. Indeed, it matters not that an act embraces, technically, more than one subject one of which only is expressed in the title, so that they are not foreign and extraneous. Nor is it important that all of the various objects of an act be expressly stated in its title, nor that the act itself indicates objects other than those mentioned, provided they are not at variance with the one so expressed, but are consonant therewith. *State* v. *Cassidy,* 22 Minn. 312.

The court below, when granting the alternative writ of *mandamus* herein, seems to have conceded these several propositions, but to have acted upon the assumption that the subject-matter of the amendatory law was not treated or considered in the original, and hence, under the reasoning in *State* v. *Smith,* 35 Minn. 257, (28 N. W. Rep. 241,) the amendment could not be sustained. A reading of the *Smith*

*Case* will show that the original and amendatory acts therein considered were so unlike, in nature and effect, those now under discussion that the decision has very little application to the case at bar. But it was therein stated that the sufficiency of the title of an amendatory law to justify the legislation enacted under it, depends not alone upon the comprehensiveness of the title, but depends also upon the nature and extent of the enactment, to amend which is the office and declared purpose of the later act. What was the nature and extent of the law of 1887? It provided, among other things, for regulation of the liquor traffic, and for the licensing of places in which spirituous liquors might be sold. It was ample and complete upon the subject-matter of liquor licenses. Through this provision of the charter, sums of money were to be obtained,—license fees; and this money, in the absence of any specific direction to the contrary, went into the city treasury for general purposes, as before stated. Supposing that, in the original act, there had been an appropriation of nine-tenths, or more or less, of these moneys, for some particular purpose, such as for building bridges, or purchasing grounds for parks, would it have been urged that such an appropriation could not have been made without infringing upon section 27, art. 4, of the constitution? Clearly, it could not have been, upon principle or authority. And, if this be so, why does an objection have force because there was no specific appropriation of these moneys to some particular object or purpose? The subject-matter dealt with in the original act is precisely the same subject-matter dealt with by the amendment, namely, the disposal of such moneys as shall be derived from licenses issued under the provisions of the earlier law. The amendment simply diverted a portion of these moneys from the city treasury, into which they went under the terms of chapter 45, into the treasury of the school-district. It may be true that, when considering the various sections of said chapter, the legislators did not reflect upon or discuss the matter of furnishing money to support public schools. But they undoubtedly did consider the subject of liquor license, and the disposition of the funds to be received therefrom; and this subject is all that was considered or legislated upon in the amendatory act.

The fact that this amendment is attached to a chapter in the city

charter which does not refer to the subject of licenses, or that there was already a section of that chapter numbered 15, is of no consequence. It may indicate careless legislation, but that is all. If an amendment is not foreign to the title of the original statute, it makes no difference whether it is cognate to the section amended. *Underwood* v. *McDuffee,* 15 Mich. 361.

The order appealed from must be reversed, and the case is remanded with directions that a peremptory writ of *mandamus* issue as prayed for.

Order reversed.