## J. H. KEDZIE vs. TOWN OF EWINGTON.

Argued June 16, 1893.   Affirmed June 30, 1893.

**Act Void—Subject not Expressed in its Title.**

> That act of the legislature now known as Sp. Laws 1887, ch. 80, is unconstitutional and void, because the subject of the attempted legislation was not expressed in the title of the act.

Appeal by plaintiff, J. H. Kedzie, from an order of the District Court of Jackson County, *P. E. Brown*, J., made January 23, 1893, sustaining a demurrer to his complaint.

The complaint stated that the defendant the Town of Ewington in that county on July 13, 1888, executed and delivered its two bonds for $500 each, payable to bearer, due in ten years, bearing interest at the rate of seven per cent. a year, payable annually, pursuant to Sp. Laws 1883, ch. 135, as. amended by Sp. Laws 1887, ch. 80, to provide for draining lands or building roads. That plaintiff, in the usual course of business, purchased the bonds July 30, 1888. That one year's interest on these bonds due July 13, 1891, ($70,) was past due and unpaid. Plaintiff demanded judgment for this interest. Defendant demurred .to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained on the ground that the title to Sp. Laws 1887, ch. 80, did not express the subject of the act, citing *State* v. *Smith*, 35 Minn. 257; *Mississippi & R. R. B. Co.* v. *Prince*, 34 Minn. 79; *People* v. *Gadway*, 61 Mich. 285. The title of this Act was as follows: "An act to amend chapter 135 of the Special Laws of Minnesota of 1883."

*Leavitt K. Merrill,* for appellant.

*T. J. Knox,* for respondent.

COLLINS, J.   The constitutionality of certain legislation is put in question by this appeal.   In 1883 there was passed by. the legislature an act (Sp. Laws 1883, ch. 135) entitled "An act for a township drainage act, authorizing the supervisors of townships in Kittson, Marshal, Polk, Norman, Cass, and Wilkin [counties] to issue bonds for certain purposes." The names of these counties were again mentioned in the first and fifth sections of the act.   In 1887

there was passed an act entitled "An act to amend chapter one hundred and thirty-five (135) of the Special Laws of Minnesota of one thousand eight hundred and eighty-three, (1883.)" Sp. Laws 1887, ch. 80. This last act, by means of its first section, attempted to amend the first by inserting among the counties specified in the first and fifth sections of the latter the names of twenty-one additional counties in this state, so that all of the provisions of the statute of 1883 would be made to apply to the townships in these last-mentioned counties. The bonds on which this action is founded were issued by one of these townships. As we regard the case, the claim made by respondent's counsel that the original act was unconstitutional, because the subject of the same was not expressed in its title, becomes of secondary importance, and need not again be alluded to. That the subject of the legislation attempted to be covered by the amendatory act of 1887 was not expressed in its title is so patent that any discussion in support of this assertion would be a waste of time. The amendment could not have been incorporated, and the counties therein named could not have been included, in the original statute, under its title, under the requirement found in article 4, § 27, of the state constitution, and the amendment in no manner enlarged the title of that statute. Of the numerous cases on this subject decided by this court, that of *Mississippi & Rum River Boom Co.* v. *Prince,* 34 Minn. 79, (24 N. W. Rep. 361,) is probably the most in point. Order affirmed.

(Opinion published 55 N. W. Rep. 864.)