JAMES S. O'BRIEN v. ST. CROIX BOOM CORPORATION.

January 24, 1899.

Nos. 11,477—(245).

**Title of Act—Constitution—Sp. Laws 1870, c. 116.**

*Held*, Sp. Laws 1870, c. 116, is not unconstitutional, as to section 23 thereof, because the subject of that section is not expressed in the title of the act, or because the act embraces more than one subject.

Action in the district court for Washington county by plaintiff as surveyor general of logs and lumber for the first district of Minnesota, to recover $15,554.20, and interest, for scaling logs. The court, Crosby, J., directed a verdict in favor of plaintiff for $6,221.-68, and interest. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*J. N. Castle*, for appellant.

Sp. Laws 1870, c. 116, is in conflict with Const. art. 4, § 27. The object of this provision is to prevent the combination in one act of subjects which ought to be separately considered, and to advise the legislature and the public of impending legislation. Ryerson v. Utley, 16 Mich. 269; Sun v. Mayor, 4 Seld. 241, 253; Mewherter v. Price, 11 Ind. 199; State v. County, 7 Iowa, 186; Mayor v. State, 4 Ga. 26; State v. Ah Sam, 15 Nev. 27; Davis v. State, 7 Md. 151; City v. Tiefel, 42 Mo. 578; People v. Institute, 71 Ill. 229; Albrecht v. State, 81 Tex. App. 216; Fletcher v. Oliver, 25 Ark. 289, 299; Ives v. Norris, 13 Neb. 252; Weaver v. Lapsley, 43 Ala. 224, 229; Tuskaloosa v. Olmstead, 41 Ala. 9; Callaghan v. Chipman, 59 Mich. 610; People v. Commissioners, 53 Barb. 70; White v. City, 5 Neb.

505; People v. Mahoney, 13 Mich. 481, 494; Cooley, Const. Lim. 143; 23 Am. & Eng. Enc. 229; Mississippi & R. R. Boom Co. v. Prince, 34 Minn. 79. The provision is mandatory. 23 Am. & Eng. Enc. 230; Cooley, Const. Lim. 150; Sjoberg v. Security S. & L. Assn., 73 Minn. 203.

In so far as Sp. Laws 1870, c. 116, § 23, undertakes to fix the fees of the surveyor general, it is void. The subject is not embraced in the title, and the title is misleading. State v. Porter, 53 Minn. 279; State v. Kinsella, 14 Minn. 395 (524); State v. Smith, 35 Minn. 257; State v. Murray, 41 Minn. 123; Winona & St. P. R. Co. v. Waldron, 11 Minn. 392 (515); Ridge v. City, 124 Pa. St. 219; Grubbs v. State, 24 Ind. 295; Bryan v. Board, 90 Ky. 322; People v. Allen, 42 N. Y. 404; Wulftange v. McCollom, 83 Ky. 361; Brown v. State, 79 Ga. 324; Holmberg v. Hauck, 16 Neb. 337; People v. Fleming, 7 Colo. 230; Rogers v. Manufacturers, 109 Pa. St. 109; Sewickley v. Sholes, 118 Pa. St. 165; Lane v. State, 49 N. J. L. 673; Miller v. Edwards, 8 Colo. 528; State v. Silver, 9 Nev. 227; Eaton v. Walker, 76 Mich. 579; Anderson v. Whatcom, 15 Wash. 47.

*Clapp & Macartney*, for respondent.

CANTY, J.

During the times hereinafter stated, plaintiff was the surveyor general of logs and lumber in the first, or Stillwater, district. The defendant is a chartered boom company, and maintains booms, and booms and rafts logs, on the St. Croix river, between the head of Lake St. Croix and Titcomb's Landing. Defendant handles all the logs which pass down the river, and in the year 1897 plaintiff scaled all of these logs passing through the booms during that year, amounting to more than 311,000,000 feet. Plaintiff claims that, according to law, he is entitled to five cents per thousand feet for scaling these logs; and defendant claims that he is entitled to only two cents per thousand feet. This is the controversy in this action. At the close of the evidence, the trial court, on defendant's motion, ordered a verdict according to defendant's contention. From an order denying a new trial, plaintiff appeals.

Defendant was chartered by Laws 1856, c. 141, entitled "An act to organize the St. Croix Boom Corporation." The charter was

amended by Sp. Laws 1870, c. 116, which added section 23 to the act. This section reads as follows:

"All logs or timber, before the same shall be deemed ready for delivery as provided herein, shall be surveyed by the surveyor general of the first district or such of his deputies as said corporation may select, for which services said corporation shall be liable to pay not to exceed the sum of two cents per thousand feet for all logs or timber delivered at their booms."

The act of 1856 provided that plaintiff should receive a certain sum per thousand feet of logs for rafting, booming, etc., but did not state who should scale the logs in order to ascertain the amount due plaintiff, and made no reference to the surveyor general. Plaintiff contends that said section 23 of the act of 1870 is unconstitutional and void, because the subject of that section is not expressed in its title, and that, therefore, plaintiff is entitled to demand for its service five cents per thousand feet, under G. S. 1894, § 2402. The act of 1870 is entitled "An act to amend an act entitled 'An act to organize the Saint Croix Boom Corporation,' passed and approved February 27, 1856." While the act of 1856 provided for scaling the logs, it was somewhat defective in failing to designate who should scale them. Section 23 of the act of 1870 remedied this defect, and the scaling provided for in that section is intended merely for the purpose of ascertaining the compensation due the defendant. Then the subject of section 23 is cognate to the subject of the act of 1856, and the act is not, by reason of section 23, repugnant to section 27, art. 4, of the constitution. See State v. Madson, 43 Minn. 438, 45 N. W. 856. This disposes of the case.

Order affirmed.