STATE EX REL. HENRY N. BENSON AND OTHERS v. BOARD
OF COUNTY COMMISSIONERS OF PINE COUNTY
AND ANOTHER.[1]

July 15, 1932.

No. 28,880.

*Michael B. Hurley,* for appellants (respondents below).

*Henry N. Benson,* Attorney General, *Charles E. Phillips,* Deputy
Attorney General, and *Harry J. Acton,* Assistant Attorney General,
for respondents (relators below).

[1]Reported in 243 N. W. 851.

STONE, J.

Mandamus against the commissioners and auditor of Pine county, who demurred to the petition and appeal from the overruling order, which was accompanied by a certificate of importance and doubt.

Relators seek a writ which will compel the commissioners and auditor to comply with L. 1931, p. 463, c. 360, Mason, 1931 Supp. §§ 5416-5418, by contracting with the state live stock sanitary board for the testing of all cattle in the county. The appeal questions the constitutionality of the statute.

■ The act is amendatory of L. 1923, p. 350, c. 269 (G. S. 1923 [1 Mason, 1927] §§ 5416-5421) relating to the testing of cattle for tuberculosis. In Schulte v. Fitch, 162 Minn. 184, 202 N. W. 719, we held that law constitutional. There is no need for repetition of the reasons. But it is helpful to recall that the subject matter of both acts is not regulation of counties or county affairs. Rather it is the prevention, as far as possible, of tuberculosis in cattle and its spread to human beings. The counties and their officers are made use of by the state, not to effect any local or county purpose, but as agencies in the performance of its own paramount governmental duty to protect public health. Much of the argument for relators is thus disposed of. As far as they insist that the affairs of counties are being unconstitutionally dealt with, their argument proceeds upon a nonexistent basis. The subject matter of the statute is a state affair, its purpose a state purpose. Nothing purely local to county or other municipality is dealt with.

■ The original act [L. 1923, c. 269] is entitled:

"An act relating to the testing of cattle for tuberculosis and authorizing county boards to appropriate money therefor."

By § 1 the county boards were "authorized upon petition of a majority of the persons owning cattle in the county" to appropriate funds for tuberculin tests of cattle; and by § 2 to apply to the state live stock sanitary board for the testing of all cattle in the county on the "county area" plan and to contract with the live stock sanitary board to that end.

The title of the amendatory act, L. 1931, c. 360, is:

"An act to amend Mason's Minnesota Statutes of 1927, Sections 5416, 5417 and 5418, relating to the eradication of bovine tuberculosis."

Section 1 authorizes county boards to proceed "in their discretion," without petition, and makes compliance with the act mandatory "upon petition signed by cattle owners residing therein equal in number to a majority of the cattle owners within the county." The amendment further provides that "in counties where petitions for the tuberculin test of cattle have been heretofore filed * * * and in which the boards of county commissioners have not entered into an agreement with the State Live Stock Sanitary Board * * * the boards of county commissioners * * * shall, upon petition of one hundred or more resident cattle owners, forthwith enter into such contract and otherwise in all things comply with the provisions of this act."

The argument is that in violation of art. 4, § 27, of the state constitution, requiring that "no law shall embrace more than one subject, which shall be expressed in its title," the act of 1931 expresses a subject beyond reach of its title. The argument is put upon the rule of State ex rel. Rice v. Smith, 35 Minn. 257, 261, 28 N. W. 241, 243, that "an amendatory law is for the amendment, not of what might have been enacted under the title of the original statute, but of what was enacted; not of what the original law might have been, but of what it was."

With that rule the act here challenged complies. Generalized, the new law makes mandatory what the old merely authorized, upon stated conditions. Certainly that is amendment of the old and nothing more. It is not the addition of something entirely new. The change is both within the title of the original act and germane to its subject matter. Very different in essence is that situation from the one dealt with in State ex rel. Rice v. Smith, 35 Minn. 257, 28 N. W. 241. There the amendatory act was entitled one to amend a general law of 1878. Instead of confining itself to that subject,

it went on to repeal expressly a general law of 1877. Cited to us in this connection are State ex rel. Keith v. Chapel, 63 Minn. 535, 65 N. W. 940; Simard v. Sullivan, 71 Minn. 517, 74 N. W. 280; and State v. Palmquist, 173 Minn. 221, 217 N. W. 108. While not controlling, they tend to confirm our conclusion that we are now dealing with an amendment of what was really enacted by a former law as distinguished from what might have been enacted under its title.

Argument for appellants is that the act of 1931 vests "resident taxpayers with power to govern the corporate action" of the county, because, given the requisite petition of resident cattle owners, the county board must take the action indicated. We repeat that it is not a county affair that is being dealt with. It is a state affair. That the legislature has not made tuberculin tests everywhere mandatory is not for lack of power but for lack of the will. Legislators know that laws cannot be well enforced if out of line with or far ahead of the mass will of the people affected. They are wise therefore in a proper case, when enacting a law otherwise general in terms, to condition its operation upon tangible evidence that attempts to enforce it will be successful. That is particularly true when local agencies, such as county boards, are chosen to operate the law.

We have here a general law applicable throughout the state. Before the 1931 amendment it was but a grant of authority. By the amendment it became mandatory upon the happening of the contingencies stated. It applies in one county precisely as in another. The law is everywhere in effect as law. But it does not become the duty of a given board of county commissioners to proceed until they have the petition required. It is no objection on constitutional grounds that procedure under the law is so conditioned. Nor is there delegation of legislative power. The lawmaking power has been fully exercised. What is left is for executive power, which must proceed upon the conditions and in the manner declared by the law. In that is nothing strange or offensive to constitutional restrictions. State ex rel. Tracy v. Cooley, 65 Minn. 406, 68 N. W. 66; State ex rel. Hagestad v. Sullivan, 67 Minn. 379, 69 N. W. 1094;

Williams v. Evans, 139 Minn. 32, 165 N. W. 495, 166 N. W. 504, L. R. A. 1918F, 542; State ex rel. Hilton v. City of Nashwauk, 151 Minn. 534, 186 N. W. 694, 189 N. W. 592. As said in Schulte v. Fitch, 162 Minn. 184, 191, 202 N. W. 719, 722: "A law may permit as well as command." Conversely, it may command as well as permit. It may command absolutely or upon condition. Here it has commanded, but upon condition, the conditions being such as the legislature may impose.

Here, as always, we must hold a law constitutional unless transgression of constitutional limits plainly appears. We have no personal or judicial will to accomplish. We have no power generally over acts of legislation to hold them either good or bad. Their quality, good or bad, is no concern of ours. But when, as here, there is sought the compelled enforcement of an official duty imposed by plain statute, we must examine the law, if the question is made, to see that the sovereign will of the people as expressed by constitution is not violated. We find no such violation in L. 1931, p. 463, c. 360, Mason, 1931 Supp. §§ 5416-5418.

Order affirmed.