EGEKVIST BAKERIES, INC. v. HENRY N. BENSON AND
OTHERS.[1]

July 15, 1932.

No. 28,873.

*Henry N. Benson,* Attorney General, *Harrison B. Sherwood,* Assistant Attorney General, *Edward J. Goff,* County Attorney, and *S. Paul Skahen,* Assistant County Attorney, for appellants.

*Van Fossen & Van Fossen* and *Shaw, Safford, Putnam & Shaw,* for respondent.

STONE, J.

Defendants—the attorney general of the state, the county attorney of Hennepin county, and the state commissioner of agriculture, dairy, and food—appeal from an order enjoining them temporarily from enforcing the statute hereinafter dealt with. As in State ex rel. Benson v. Bd. of Co. Commrs. of Pine County, 186 Minn. 524, 243 N. W. 851, an amendatory statute is again questioned on account of supposed deficiency of title under art. 4, § 27, of the state constitution.

The original act is L. 1927, p. 480, c. 351 (2 Mason, 1927, §§ 7035-1 to 7035-4) entitled: "An act regulating the weight of bread." It

[1]Reported in 243 N. W. 853.

consists of but four short sections, all well within the title; that is, it regulates the weight of bread sold or exposed for sale and nothing else. It does not touch the wrapping of bread in loaves or other form. The amendatory act is L. 1931, p. 412, c. 322, Mason, 1931 Supp. §§ 7035-2, 7035-3, entitled: "An act to amend Sections 2 and 3, Chapter 351, General Laws 1927, relating to the weight and sanitary wrapping of bread." Two sections of the first law are amended so as to require bread sold in the state to be first wrapped, as indicated, in the bakery. Violations of the act are misdemeanors under an unamended section of the 1927 law.

As was held in State ex rel. Rice v. Smith, 35 Minn. 257, 28 N. W. 241, an amendatory act, entitled as such and nothing more, must remain not only within the title, but also germane to the actual subject matter of the amended act. The act now involved offends both limitations. In requiring wrapping it goes beyond both title and scope of the original act. Neither made reference to wrapping of bread. Both were concerned only with regulating weight. It is a misleading misnomer to call a later act, concerning wholly the wrapping of bread, amendatory of the former law, concerning weight only. It is distinctly new legislation on a new subject.

The law of 1931 is not helped by the concluding phrase in the title, "relating to the weight and sanitary wrapping of bread." When that phrase is reached the act is already limited to amending old law. The qualifying words characterize old law to be changed rather than a new subject of new law. It is deceptive, unintentionally so of course; but deception is the very thing barred by the constitutional requirement that acts of the legislature must have unity of subject and keep within the fair meaning of their title. The question is whether such a qualifying phrase can allow legislation on a new and distinct subject not covered by the former law to the amendment of which the title expressly restricts the new law. We think not.

Here, as always, liberal construction should be given to legislative acts in order to sustain them against constitutional objec-

tions. Courts make it a rule therefore to construe liberally the titles of statutes when attack is made on the ground that the latter go beyond their titles. State ex rel. Keith v. Chapel, .63 Minn. 535, 65 N. W. 940. But there is no kind of permissible construction which permits us to ignore plain meaning of plain language. We are now dealing with no limitation of legislative power, but only with a regulation of its exercise. By holding a statute unconstitutional because beyond its title we set no limit to legislative power, for the statute can be reënacted with an adequate title.

Under the constitutional demand that no bill shall embrace more than one subject, to be expressed in its title, it is unimportant that the title of an amendatory act does more than recite title or substance of the amended act, "provided the amendment is germane to the subject of the original act, and is embraced within the title of such amended act." Hyman v. Tennessee, 87 Tenn. 109, 111, 9 S. W. 372, 1 L. R. A. 497. In Eaton v. Walker, 76 Mich. 579, 584, 43 N. W. 638, 639, 6 L. R. A. 102, it was held that the amendment of an act entitled, "An act for the incorporation of manufacturing companies," to make it include "mercantile business," was in violation of the constitutional provision that the object of an act shall be expressed in its title. The court said [76 Mich. 584]:

"This attempt to incorporate a new business into the act of 1875 by the amendment of 1881 falls plainly within the prohibition * * *. The amendment is, in effect, an independent statute, and provides for the incorporation of companies that are not mentioned or provided for by the act of 1875."

Just as plainly the act here under attack attempts to bring in an entirely new subject. It is therefore a new and independent and not an amendatory act. State v. Palmquist, 173 Minn. 221, 217 N. W. 108. So, obviously, it is outside the field marked by its title. The title of the original act was narrowly restrictive. It might have been general and inclusive but was not. It carved out of the whole matter of regulating manufacture and sale of bread that part having to do with the weight of it, thereby excluding every other phase, including that of wrapping. Where such a re-

strictive title is adopted, legislation under it must be confined to the limits it sets. Watkins v. Bigelow, 93 Minn. 210, 100 N. W. 1104; 25 R. C. L. 870.

We agree with the concise decision below, that the act of 1931, "so far as it relates to the sanitary wrapping of bread, is unconstitutional because it attempts to add as an amendment" to the old act "regulating the weight of bread" a new and distinct provision beyond the scope of and so "not permitted under the title of the original act, and not germane to the general subject expressed in the title of the act sought to be amended."

Order affirmed.

OLSEN, J. (dissenting).

I do not agree that an amendatory act may not go beyond the limited scope of an original act, where, as here, the amendment relates to the same subject and is recited in the title to the amending law. The construction placed on the title of L. 1931, p. 412, c. 322, appears to me to be too narrow. No one was likely to be misled.

DIBELL and LORING, JJ. (dissenting).
We agree with Mr. Justice Olsen.