# JOHN C. SWEET v. HARRIS RICHARDSON.[1]

August 11, 1933.

No. 29,118.

[1]Reported in 250 N. W. 46.

490

*James E. Trask, Andrew N. Johnson,* and *Thomas E. Sands, Jr.,* for appellant.

*Harris Richardson,* pro se.

HOLT, Justice.

The appeal is from the order sustaining a demurrer to the complaint.

The complaint is lengthy, occupying more than 50 pages of the printed record. Reference need be made to only a few of the matters alleged to indicate the legal propositions upon which a decision must rest. The West Hotel, Incorporated, was formed under the laws of this state, and its stockholders are subject to the so-called stockholders' double liability. Bankruptcy proceedings were instituted against it, and it was adjudged a bankrupt by the district court of the United States in September, 1928, and a trustee appointed. The claims filed and allowed greatly exceeded the assets. In October, 1928, proceedings by judgment creditors of the corporation were instituted in the district court of Hennepin county to sequester such assets of the corporation as did not pass to the trustee in bankruptcy, and in November, 1928, the court made and filed its order sequestrating such assets and appointing plaintiff as receiver. He promptly qualified. The stock of the corporation is owned by 27 different stockholders, all nonresidents of this state except defendant, who became the owner of one share of stock of the par value of $100, and is still such owner. Upon notice duly given and a hearing, the court, on June 27, 1929, ordered an assessment of 100 per cent against the stock of the corporation. It was thereafter conceived that the order of assessment was deficient in contents, and on application by plaintiff the court on November 25, 1931, after a hearing, notice of which had been duly given, amended the former order of assessment *nunc pro tunc.* The defendant refused to pay the assessment after notice and demand. This action to recover was commenced in January, 1932.

On April 18, 1931, L. 1931, p. 231, c. 205, Mason Minn. St. 1931 Supp. §§ 8027, 8028, was approved and went into effect, amending

2 Mason Minn. St. 1927, § 8028. The section prior to amendment required the receiver to bring an action against a stockholder who failed to pay the assessment ordered under the preceding section; and the amendment provided that such action must be commenced within two years from the order of sequestration and the appointment of the receiver, except that where such order and appointment were made more than 18 months before the act went into effect the action must be commenced within six months after the act was approved.

Having reached the conclusion that the amendment of § 8028 is constitutional and applicable to this case, it will not be necessary to consider the two other legal propositions so ably argued by appellant, namely (a) the validity of the assessment orders, and (b) the impounding of the creditors' right in the stockholders' liability by the sequestration order prevented the amendment from affecting actions in this receivership. A few words will suffice to show that the last proposition is untenable. It appears conclusively from the complaint that the sequestration order was made and plaintiff was appointed more than 18 months prior to the enactment of the amendment, and this action was not commenced within six months after its enactment. Hence the action is barred if the act is constitutional. It is clearly applicable.

Plaintiff contends L. 1931, p. 231, c. 205, Mason Minn. St. 1931 Supp. §§ 8027, 8028, to be unconstitutional because

(1) The subject of § 2 (the amendment here involved) is not expressed in the title;

(2) Sections 1 and 2 of said chapter have different subjects, and the subject of § 2 is not germane to the title of the act;

(3) The title to c. 205 is restrictive and the effect of § 2 is to amend statutes other than the ones mentioned in the title;

(4) The question whether an amendatory act which is not restrictive (assuming that it is not restrictive) is germane depends upon whether it is germane to what the amended act contains and not to what it might have been made to contain;

492

(5) Admitting for argument only that the title of c. 205 is not restrictive and that its subject would be relevant if within the scope of L. 1899, p. 315, c. 272 (the source of R. L. 1905, §§ 3186 and 3187, 2 Mason Minn. St. 1927, §§ 8027 and 8028), § 2 is not germane to said c. 272 or the subject of the act;

(6) L. 1931, p. 231, c. 205, § 2, Mason Minn. St. 1931 Supp. § 8028, is invalid for the further reason that it does not tend to promote the object and purpose of the amended act;

(7) It offends the constitutional provision [art. 4, § 34] that all laws shall be "uniform in their operation," since its application retroactively lacks uniformity and is unfair.

We do not purpose separately to cover these many objections so exhaustively urged against the statute involved; but to state generally the reasons for holding the law valid. The court must consider the act valid until satisfied to the contrary beyond a reasonable doubt. 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 8931. The title to L. 1931, p. 231, c. 205, Mason Minn. St. 1931 Supp. §§ 8027, 8028, reads:

"An act to amend Mason's Minnesota Statutes of 1927, Section 8027 and Section 8028, relating to the enforcement of stockholders' liability, the order for assessment, enforcement, effect, and defenses available thereto."

Section 1 of c. 205 amends § 8027 in some slight respect of no bearing here, setting out in full the reading of § 8027 as amended. Section 2 amends § 8028 so as to read as follows:

"8028. Upon expiration of the time specified in the order for the payment of assessments, the assignee or receiver shall commence action against every party so assessed and failing to pay, wherever he or any property subject to process in such action is found, unless he shall report to the court that he believes such stockholder to be insolvent, or that the expenses of the prosecution will probably exceed the amount likely to be collected, in which case the court, unless satisfied to the contrary, shall order action suspended as to such party, *provided that no action shall be commenced to collect*

*the amount of any such assessment, unless commenced within two years after the insolvency of the corporation, and the appointment of a receiver or assignee, or in the event that the insolvency of such corporation, and the appointment of such receiver or assignee occurred more than eighteen months prior to the passage of this act then within six months after the passage of this act."*

The proviso, or the part in italics, is new matter. The part up to the italics is the same language as the revisers left L. 1899, p. 315, c. 272, § 6, being R. L. 1905, § 3187. By L. 1929, p. 9, c. 6, Mason Minn. St. 1931 Supp. § 9853, Mason Minn. St. 1927 was made prima facie evidence of the statutes therein contained. So under the decision in State ex rel. Olson v. Erickson, 125 Minn. 238, 146 N. W. 364, it was a good title to designate the sections in Mason Minn. St. 1927 which were to be amended. Nor can it be said that the subject of the act is double or more than one because two sections are included or amended. Both of the sections were a part of L. 1899, p. 315, c. 272, which the revisers incorporated and made a part of R. L. 1905, c. 58, under the heading: "Actions Respecting Corporations" (the sections here involved being numbered 3186 and 3187), the same heading under which §§ 8027 and 8028 are found in Mason Minn. St. 1927. The two sections were a part of L. 1899, p. 315, c. 272—a more or less complete code for "the better enforcement of the liability of stockholders of corporations." The first section relates to the order of assessment, and the following to actions to enforce the order. There is but one subject, the enforcement of stockholders' liability. The two sections are germane. They might well have been consolidated into one section. Chapter 205 is distinguishable from the act held void as to one section thereof in State ex rel. Rice v. Smith, 35 Minn. 257, 258, 28 N. W. 241, 244. There the title of the act was: "An act to amend chapter 1 of the General Laws of 1878, to provide for the assessment and collection of taxes, being chapter 11, General Statutes of 1878." It was held the last clause did not enlarge the first and should be disregarded. That being so, the subject was the amendment of L. 1878, c. 1, and could not cover the subject of the repeal of a section in an act

passed in 1877 relating to taxes. The distinction was in part pointed out in State ex rel. Nash v. Madson, 43 Minn. 438, 45 N. W. 856; and in State ex rel. Wilson v. Bigelow, 52 Minn. 307, 312, 54 N. W. 95, 96, where Chief Justice Gilfillan said of State ex rel. Rice v. Smith, 35 Minn. 257, 28 N. W. 241:

"That was a case where, under a title expressing that the act was to amend one statute, the legislature attempted to expressly repeal another, wholly independent of the first, not only in the time of its passage, but in its provisions."

The most serious objection urged to the proviso which c. 205 added to § 8028 is that it is not germane to the section and covers a distinct subject, that it repeals or amends the general statutes of limitation (2 Mason Minn. St. 1927, §§ 9191-9193). In support of the contention is cited State ex rel. Rice v. Smith, 35 Minn. 257, 28 N. W. 241; Kedzie v. Town of Ewington, 54 Minn. 116, 55 N. W. 864; Watkins v. Bigelow, 93 Minn. 210, 100 N. W. 1104. To this we add Egekvist Bakeries, Inc. v. Benson, 186 Minn. 520, 243 N. W. 853. We think plaintiff is correct in his contention that the title to L. 1931, p. 231, c. 205, Mason Minn. St. 1931 Supp. §§ 8027, 8028, is restrictive. Therefore, under the authorities already cited and others therein referred to, the amendment must be restricted to an amendment of what § 8028 contained and cannot enlarge the scope thereof to include other subjects. Section 8028, as it was prior to the enactment of L. 1931, p. 231, c. 205, Mason Minn. St. 1931 Supp. §§ 8027, 8028, made it the duty of the receiver to bring an action against a stockholder who did not pay the assessment ordered under § 8027. The cause of action arose from the constitution, the stockholders' double liability; but over the procedure to enforce the same the legislature had control. As stated, this statute required plaintiff, under the facts alleged, to procure the order of assessment, and, if the stockholders did not comply, to bring suit. It is not like the ordinary cause of action where the possessor thereof at his own pleasure may sue or forever refrain from so doing. Section 8028 requires the receiver to bring suit on the cause of action based on the order made under § 8027 or to show a good excuse to the court

for not doing so. The purpose of said L. 1899, p. 315, c. 272, was to better enforce stockholders' liability in insolvent corporations. No doubt it was the intention to enforce the liability speedily. Surely the experience in the administration of insolvent corporations has been that delays in the proceedings culminating in actions under § 8028 has been conducive not of a better enforcement of the constitutional stockholders' liability but of loss to the creditors and of keeping stockholders in anxiety and suspense and liable to become execution-proof. It seems to us the provision added to § 8028 by the amendment of 1931 was germane and tended to speed up the better enforcement of the stockholders' liability by fixing a time within which the action must be brought, making such time no longer than reasonably necessary. Where a duty is by a statute laid upon a party to bring an action, it seems to us a germane amendment to that statute would be fixing the time for bringing it. This seems no different than the conclusion reached in State ex rel. Benson v. Bd. of Co. Commrs. of Pine County, 186 Minn. 524, 243 N. W. 851, 852, where L. 1931, p. 463, c. 360, Mason Minn. St. 1931 Supp. §§ 5416 to 5418, amended 1 Mason Minn. St. 1927, §§ 5416, 5417, and 5418. The sections referred to merely authorized, on conditions, the county board to administer the tuberculine test to cattle. The amendment made the administration of such test mandatory on the board. We held [186 Minn. 527] that we were "dealing with an amendment of what was really enacted by a former law as distinguished from what might have been enacted under its title." In support of the proposition that the amendment to § 8028 is germane to the subject of the section and within the title of the act we cite State v. Helmer, 169 Minn. 221, 211 N. W. 3.

L. 1931, p. 231, c. 205, Mason Minn. St. 1931 Supp. §§ 8027, 8028, does not repeal or directly modify any of the provisions of 2 Mason Minn. St. 1927, §§ 9191-9193 (the general statutes of limitation). By implication it removes the cause of action to enforce the stockholders' double liability from the operation of the general statutes of limitation. In State ex rel. Rice v. Smith, 35 Minn. 257, 263, 28 N. W. 241, the court, in stating that a repeal of a section in the

law of 1877 might have been accomplished by so framing the amendment to the law of 1878 as impliedly to have that effect, instead of attempting it directly, said:

"The general and unquestioned power of the legislature to enact laws, and to amend prior laws, is attended by the necessary incident and consequence of the sometimes resulting abrogation of other laws incompatible with that enacted. In order that the later act may have effect and be a law, whatever is necessarily inconsistent with it must give way. In such a case the proper subject of the later act will be found in the legislation which is embodied in it; and it is a compliance with the constitutional requirement if that subject is sufficiently expressed in the title of the act. The resulting repeal of other statutes inconsistent with that law is a mere necessary incident and consequence of the exercise of the legislative power to enact the law, and it has not been required by the constitution that the title of an act shall disclose such consequences, or refer to repeals effected by implication of law."

It appears to us the amendment of 1931 modified and restricted § 8028 and did not attempt to repeal any other law.

Then it is claimed that the classification of the actions to which the proviso or amendment applies is arbitrary, unreasonable, and not uniform. We think plaintiff can only assail the constitutionality of the act as applied to his status. He had been receiver for much longer than 18 months when the act took effect and was given six months after the act was approved to commence suit. No good reason occurs to us for holding the six months too short. He had been acting as receiver since November, 1928. There surely was time enough to ascertain whether or not stockholders' liability should be enforced.

The legislature, having in mind that by the November, 1930, election the amendment of art. 10, § 3, of the constitution was adopted, doing away with the so-called stockholders' double liability in corporations organized under the laws of this state except as to stockholders in banking or trust corporations, no doubt enacted c. 205 for the commendable purpose of speeding up the settlement of the

liability hanging over many stockholders in insolvent corporations. We find no valid objection to the law.

The amendment to § 8028 being found valid, the action is barred, and the demurrer to the complaint was rightly sustained. We cannot consider the proposition well taken that because the creditors by the order of sequestration attached the stockholders' double liability they are entitled to the remedy for its enforcement as it was at the time the order of sequestration was made. As long as an adequate remedy and reasonable time was given for the enforcement, they have nothing of which they may legitimately complain. We believe L. 1931, p. 231, c. 205, Mason Minn. St. 1931 Supp. §§ 8027, 8028, assured both to plaintiff in this case; but he neglected to act in time.

The order is affirmed.

