# MARIE M. DeCOSTER v. COMMISSIONER OF TAXATION.[1]

October 22, 1943.

No. 33,485.

[1]Reported in 11 N. W. (2d) 489.

*Oppenheimer, Hodgson, Brown, Donnelly & Baer* and *Wood R. Foster,* for relator.

*J. A. A. Burnquist,* Attorney General, and *P. F. Sherman,* Assistant Attorney General, for respondent.

HOLT, COMMISSIONER.

*Certiorari* to review an order of the board of tax appeals affirming a decision of the commissioner of taxation.

The facts bearing on the decision were all stipulated or undisputed. They may be thus stated: On April 14, 1936, relator's husband insured his life in the Northwestern Mutual Life Insurance Company of Milwaukee, Wisconsin, for $50,000. In the policy relator was named the beneficiary. The insured retained the right to change the beneficiary and to surrender the policy for its cash surrender value. October 12, 1938, at the request of the insured and with consent of the insurer, all rights in the policy were by written instrument signed by insured transferred to relator, her children being named contingent beneficiaries. The insured paid a premium falling due thereafter. The insured considered the transfer a gift of the then cash surrender value of the policy. He listed it as such in his gift tax return for the year 1938. The insured died August 8, 1939.

Upon the above facts, the commissioner of taxation imposed a tax as provided in Ex. Sess. L. 1937, c. 50. The first point of relator is that this chapter departs from that of L. 1905, c. 288, which it purports to amend. It is said to be not relevant to the title or subject matter of that act. The title of c. 288 is: "An act providing for taxation of and fixing the rate of taxation on inheritances, devises, bequests, legacies and gifts, and providing for the manner of payment as well as the manner of enforcing payment thereof." The title of c. 50 is: "An act to amend Mason's Minnesota Statutes of 1927, Section 2292, as amended by Laws 1935,

Chapter 334,[2] and Section 2293, sub-sections 2b and 2c(2), relating to inheritance, bequests, gifts and transfer taxes." Section 2293 is not involved and need not again be referred to.

The constitutionality of L. 1905, c. 288, was unsuccessfully attacked soon after its enactment, but not upon the ground that it offended Minn. Const. art. 4, § 27. State ex rel. Foot v. Bazille, 97 Minn. 11, 106 N. W. 93, 6 L.R.A.(N.S.) 732, 7 Ann Cas. 1056, where former Chief Justice Brown fully discusses and cites rules and cases touching the construction of statutes imposing inheritance taxes. Chapter 288 was amended by L. 1911, c. 209 and c. 372. The title of c. 209 was the same as that of c. 288, except for this addition: "prescribing additional rules for the imposition of such tax; imposing certain powers and duties with reference to the enforcement and collection of such tax on the Attorney General and directing the payment of a certain percentage of the tax collected to the counties in which collected." In State ex rel. Graff v. Probate Court, 128 Minn. 371, 150 N. W. 1094, the same objection to the constitutionality was raised as the one now raised by the relator, *viz.*, that c. 288 as amended by L. 1911 violated Minn. Const. art. 4, § 27. This court held the act as then amended valid. Since that decision the title of L. 1905, c. 288, or as subsequently amended, has not been challenged as offending said constitutional provision until now in this proceeding.

We are of opinion that there is but one subject dealt with in c. 288, although different technical terms are used, such as "devises," "bequests," "legacies," and "gifts." All refer to inheritances of real or personal property, tangible or intangible, which pass to heirs or beneficiaries in possession or enjoyment upon the death of the former owner. It seems to us that the term "gifts" is broad enough to include "transfers," used in the body of the amendatory acts and in one instance also in the title of L. 1935, c. 334, reading: "An act to amend Mason's Minnesota Statutes of 1927, Section 2292, relating to inheritances, bequests, gifts and

[2]The section corresponding to Mason St. 1927, § 2292, as amended, is found in Minn. St. 1941, § 291.01.

transfer taxes." In the body of that act subd. (6) was added, bringing property held in the joint name of two or more persons within the provisions of the tax upon the death of one of the owners. Relator relies strongly on Egekvist Bakeries, Inc. v. Benson, 186 Minn. 520, 243 N. W. 853; but there the title of the act involved was: "An act regulating the weight of bread." The title of the amendatory act was: "An act to amend Sections 2 and 3, Chapter 351, General Laws of 1927, relating to the weight and sanitary wrapping of bread." Sanitary wrapping was held a separate subject added to the restricted subject of *weight of bread* in the title of the act amended. Three justices dissented. Nothing said in Sweet v. Richardson, 189 Minn. 489, 250 N. W. 46, or in State ex rel. Pearson v. Probate Court, 205 Minn. 545, 287 N. W. 297, can be authority for the claim that Ex. Sess. L. 1937, c. 50, is unconstitutional because in violation of art. 4, § 27. Our conclusion is that c. 50 is a valid act.

The second contention is that relator acquired all the rights of the insured in the policy by the transfer of October 12, 1938. The insured thereafter could not change the beneficiary; relator became the irrevocable beneficiary; she could surrender the policy and receive its surrender value at any time; and upon the insured's death she alone was entitled to the proceeds of the policy solely by virtue of the contract with the insurer. There can be no doubt of the legislature's intention to impose an inheritance tax upon the proceeds of this policy above the $32,500 exemption. Section 3, subd. (7) (b), of c. 50, reads:

"The proceeds of all such policies now in force payable to named beneficiaries in which the insured has the right to change the beneficiary or under which he has cash surrender right."

This is exactly the condition in which the policy in question' was when c. 50 was enacted and went into effect. It so remained until the transfer of October 12, 1938. It is worthy of note that the title of L. 1905, c. 288, contains these words: "and fixing the rate of taxation on inheritances * * * and providing for the manner

of payment as well as the manner of enforcing payment thereof."
Until rates were fixed upon proceeds of policies of insurance the
officers charged with imposing and collecting the tax could not act.
Obviously, by subd. (7) of § 3 of c. 50, the legislature attempted
to reach policies such as relator's at the time the chapter took
effect. We do not deem it important whether or not the insured
by the act of October 12, 1938, sought to evade that tax. It is
generally conceded that under life insurance policies in which the
insured has the right of changing the beneficiary and the right to
receive its surrender value the proceeds received by the beneficiary
upon the death of the insured may be subjected to an inheritance
tax. It is also true that in this policy and like insurance contracts
there is the possibility of the named beneficiary predeceasing the
insured, in which event the insured again becomes interested in
the policy. We shall not review the many cases cited by the parties
hereto. It is enough to refer to the case of Commr. of Int. Rev. v.
Washer (6 Cir.) 127 F. (2d) 446 (writ of *certiorari* denied, 317
U. S. 653, 63 S. Ct. 49, 87 L. ed. 525). We conclude that subd. (7)
of § 3 of c. 50 covers and subjects the proceeds of the policy, above
the exemption, to the inheritance tax imposed by the board of tax
appeals. In addition to which, as above stated, we may refer to
the last clause of Minn. St. 1941, § 61.15 (Mason St. 1927, § 3388),
*viz.,* "or in case of the death or divorcement of a married woman
named as beneficiary." That statutory provision was a part of
this policy.

Relator cites Department of Revenue v. Lanham's Adm'rs, 278
Ky. 419, 128 S. W. (2d) 936; Wachovia B. & T. Co. v. Maxwell,
221 N. C. 528, 20 S. E. (2d) 840; Werthan v. McCabe, 164 Tenn.
611, 51 S. W. (2d) 840; In re Estate of McGrath, 191 Wash. 496,
71 P. (2d) 395. Insofar as these cases concern insurance policies
procured and paid for by business firms or corporations wherein
they are payees or irrevocable beneficiaries, we receive little help
in this proceeding. The person whose life is insured in such
policies has no direct interest in the policy. In the North Carolina
case, the wife insured the life of her husband and had the policies

issued to herself. The husband consented to be examined as the insured and answered the questions and signed the papers required of an insured. The policies were payable to the wife, and the husband assumed no contractual relation in respect thereto. By reason of riders and provisions in the policies, all property rights, benefits, and advantages such as changing beneficiary, surrender rights, and the right to the proceeds if the beneficiary predeceased the insured were vested in the wife or her estate instead of the insured. While the husband was under no obligation to pay the premiums of the policies, he did so. It was held that the wife during all the time had the sole ownership of the policies, and there was no devolution of the proceeds of the policies when the husband died, and no inheritance tax could be imposed. Such is not the situation in the instant case.

The third contention of relator is that even though Ex. Sess. L. 1937, c. 50, does not violate art. 4, § 27, and even though subd. (7) of § 3 thereof applies constitutionally to the proceeds of this policy, there could not be included in the tax the amount of the cash surrender value at the time of the insured's death. The answer to that contention would seem to be that relator did not surrender the policy; she saw fit to collect the entire proceeds. The fact that the insured husband regarded the transfer of October 12, 1938, as a gift of the then cash surrender value cannot estop or preclude the state or its attorney general from claiming a tax on the proceeds of the policy received by relator above the $32,500 exemption.

The writ is discharged, and the order of the board of tax appeals is affirmed.

Mr. Justice Loring, absent because of accidental injuries, took no part in the consideration or decision of this case.