#### AT THE

## NOVEMBER SESSION, 1867, IN BOSTON.

### [CONTINUED FROM VOL. XCVII.]

#### PRESENT:

Hon. GEORGE T. BIGELOW, Chief Justice.
Hon. EBENEZER R. HOAR,
Hon. REUBEN A. CHAPMAN,  } Justices.
Hon. DWIGHT FOSTER,
Hon. JOHN WELLS,

## Commonwealth *vs.* Michael Duane.

The rate of fare prescribed by the city ordinances of Boston to be taken by the driver of a hackney carriage, for carrying a passenger from one place to another within the city, includes compensation for time and trouble in going for the passenger, as well as in carrying him to his point of destination.

The driver of a hackney carriage in Boston, who has undertaken to carry from one place to another within the city a passenger who has entered or begun to enter the carriage, is precluded by the city ordinances from making a special contract with him for a higher rate of fare for the service than that which the ordinances prescribe.

COMPLAINT that the defendant, having charge of a hackney carriage used for transporting passengers, demanded and received, on May 18, 1865, of Sarah L. Lougee, a passenger therein, one dollar for carrying her from South Russell Street to Prescott Place in Boston, between seven o'clock in the forenoon

and eleven o'clock in the evening, being a rate of fare greater than that established by an ordinance of the city, the material part of which is as follows :

"The prices or rates of fare to be taken by or paid to the owner, driver, or other person having charge of any hackney carriage except omnibuses and hacks, shall be" "for carrying one or more adult passengers within the city proper, or from one place to another within the limits of South Boston, or of East Boston, fifty cents each. Between the hours of eleven o'clock P. M. and seven o'clock A. M., the fare for one adult passenger shall be one dollar; for two or more such passengers, fifty cents each."

At the trial in the superior court, before *Vose,* J., on appeal from the judgment of the police court of Boston, the evidence tended to show that the defendant was driver of one of several licensed hackney carriages kept by William S. Abbott at a stable on Myrtle Street, in the office of which there was a register where persons desiring transportation recorded their names and the times when and places where they desired carriages to be sent for them ; that the name of Miss Lougee was entered on the register with such specifications, and the defendant was sent with a carriage for her at the time and to the place designated ; that, on arriving there, he called for Miss Lougee, who appeared, and, as she was entering the carriage, or after she had entered it, he asked her where she wished to go, and, on her replying that she wished to go to Prescott Place, which is within the city proper, near the line of Roxbury, he said that he could not afford to carry her so far for the sum prescribed by the city ordinances, as it would occupy an hour or more, and refused to do so ; that she replied that she must go, and asked him for what price he would carry her, and he answered that he would do so for one dollar; that she said "well," and paid him a dollar; and that then he transported her in the carriage to Prescott Place.

The defendant asked the judge to instruct the jury that this evidence would not warrant a verdict of guilty ; but he refused to do so, and instructed them to the contrary. They found the defendant guilty ; and he alleged exceptions.

*H. W. Paine*, for the defendant. 1. The case is not within the rule of the mayor and aldermen, which defines only the fare for transporting persons from one place to another, but does not apply to the instance of sending a carriage from its stable or station to some distant place to transport a passenger therefrom to some other place. 2. There was no obligation on the defendant to perform the service; and he had a right, and exercised it, to decline to do so for the fare specified in the rule of the mayor and aldermen. That rule did not apply to prevent him from making a special contract. If it did, it operates in many instances to prevent citizens from obtaining carriages at all, and is unreasonable and void. *Commonwealth* v. *Stodder*, 2 Cush. 562. The true construction of it is that it was intended to regulate fares in cases only in which no special contract has been made previous to the service, just as our present statute concerning usury prescribes a certain percentage as the legal interest on money in cases where no other is definitely specified.

*C. H. Hill*, for the Commonwealth.

BIGELOW, C. J. The grounds on which the defendant seeks to sustain his exceptions are untenable.

1. The service which he undertook to render to the prosecutor was clearly within the terms of the city ordinance prescribing a fixed rate of fare for the conveyance of a single passenger within the limits of the city. The plain intent of the provision was that the prescribed fare should be charged for doing all that was usual and necessary to carry a passenger from place to place in a hackney carriage, including the time and trouble of going for the passenger as well as of transporting him to his point of destination. Any other interpretation would substantially defeat the operation of the ordinance. It was manifestly designed to regulate the entire trade or business to which it relates, and not to be applicable to a few cases only, or a particular branch of the business.

2. The defendant is precluded from availing himself of the other ground of defence, even if it were tenable. Admitting that he might have refused to render the service at all without receiving a larger compensation than that prescribed by the ordi-

nance, on which point we give no opinion, he could not demand a higher rate after he had undertaken to convey the prosecutor, and she had entered or begun to enter his carriage. He might with equal reason have made a similar demand after having carried her half the distance to the place to which he had undertaken to transport her.                           *Exceptions overruled.*