## COMMONWEALTH *vs.* JOHN G. GAGE.

A by-law of a city providing that no one having charge of a hackney carriage shall, under a prescribed penalty, demand or receive more than a specified fare for a given distance, is a reasonable exercise of the authority given by Gen. Sts. *c.* 19, § 14, permitting the mayor and aldermen of cities to make regulations for carriages, with penalties for their violation; and the receiving a greater rate of fare under a special contract for unusual speed is a violation of such by-law.

COMPLAINT to the Municipal Court of the city of Boston for the violation of by-laws of the city by receiving two dollars as fare (the fare allowed by the by-law being fifty cents) for carrying one Charles E. Pecker in a hackney carriage from the Eastern Railroad Station to the station of the Boston and Albany Railroad.

At the trial in the Superior Court, before *Bacon*, J., it was proved that Pecker made a special contract to pay the defendant two dollars to carry him and his baggage in a hackney carriage from the passenger depot of the Eastern Railroad to the depot of the Boston and Albany Railroad, in season for a train which was to leave the latter depot at nine o'clock, P. M., on the day alleged in the complaint; and that the defendant fulfilled his part of the contract, and received the money. It was also in evidence that it required extra efforts and services on the part of the defendant to carry out his contract.

The defendant's counsel asked the court to rule that on this evidence the defendant could not be convicted; that the by-law was unconstitutional; and that it did not apply to a case where there was a specific agreement between the parties as to the sum to be paid for rendering certain and agreed for services.

The court declined to rule as requested, but ruled that the contract was no defence; that the by-law was valid, and that the penalty prescribed could legally be imposed, notwithstanding the contract and services proved. The jury returned a verdict of guilty, and the defendant alleged exceptions.

*G. W. Searle & J. W. Mahan,* for the defendant.

*C. R. Train,* Attorney General, for the Commonwealth.

GRAY, C. J. The rules and orders of the mayor and aldermen of Boston prohibit the setting up, using or driving of any hackney carriage for the conveyance of persons for hire from place to place within the city without a license from the board of aldermen; or the standing with such a carriage, to be employed, at any public place other than the stand so assigned to it; and require such carriages to be licensed annually and marked and numbered, and the driver of any carriage, which has been licensed to stand at any street, square, railroad station, steamboat landing or place of public entertainment, to wear a badge. Laws and Ordinances of Boston, (ed. 1869,) Carriages, §§ 3–14.

They also prescribe " the prices or rates of fare to be taken by or paid to the owner, driver or other person having charge of any hackney carriage," for carrying a passenger from one place to another within the city; and further provide as follows : " The baggage used by any person in travelling shall be free of charge." " No owner, driver or other person having charge of a hackney carriage shall demand or receive any more than the price or rate of fare herein established, under a penalty of not less than ten nor more than fifty dollars for each offence; and he shall forfeit his license. And for refusing to carry any passenger from any railroad station or steamboat landing to any point within the city, the owner, driver or other person having charge of such hackney carriage shall be subject to a like penalty." §§ 16, 17.

These regulations are a reasonable exercise of the authority conferred upon the mayor and aldermen by the Gen. Sts. *c.* 19, § 14. They are manifestly intended to secure the use of suitable hackney carriages and the services of competent drivers for the accommodation of public travel within the city, at the rates of fare thereby established. And they limit the compensation which any hackney coachman, plying his business, shall be permitted to demand or receive for doing all that is necessary to carry a passenger and his baggage from place to place within the city, and for all services reasonably incident to such transportation. *Commonwealth* v. *Stodder*, 2 Cush. 562, 574, 575. *Commonwealth* v. *Duane*, 98 Mass. 1.

The defendant had therefore no right to refuse to carry the passenger and his baggage from the Eastern Railroad Station to any place within the city, or to demand or receive any greater compensation for the performance of that duty than the prescribed fare. If he did either, he was liable to the penalty. To allow him to make a special contract at a higher rate, upon the ground that unusual speed or care or skill in driving was required in order to reach the place of destination in a particular time, would enable him easily to evade the regulations established for the protection of the public, and would open the door to that extortion which it was the very object of those regulations to prevent. It does not appear that the services performed by the defendant were of any other kind than taking up the passenger and his baggage at one railroad station, driving them from that station to another, and leaving them there. The defendant therefore fails to show any ground for sustaining his exceptions to the rulings and instructions at the trial. *Exceptions overruled.*