## STATE v. HANS HANSON.[1]

March 10, 1911.

Nos. 16,928—(37).

**Unlicensed sale of liquor — search warrant — jurisdiction of justice.**

The defendant was charged in justice court, on a duly verified complaint, with keeping an unlicensed drinking place, contrary to R. L. 1905, § 1550. A warrant for his arrest was issued, which included a warrant for a search of the premises, and a seizure of all intoxicating liquors, and all other property and things used in keeping such place, found therein. He was convicted, and sentenced to pay a fine of $100, and in default thereof to be confined in the county jail for ninety days. He appealed to the district court on questions of law alone, and the conviction was affirmed. The sheriff was also ordered to destroy the liquors, and to sell the other property used in keeping such place, found and seized therein by him by virtue of the search warrant. Held:

1. The justice had jurisdiction of the offense, and the defendant was legally convicted, although no maximum penalty was fixed by the statute, and the value of the property seized was $600. State v. Stoffels, 89 Minn. 205, and State v. Kight, 106 Minn. 371, followed.

2. The statute providing for a search of an unlicensed drinking place and seizure and forfeiture of intoxicating liquors and other property used in

[1]Reported in 130 N. W. 79.

their unlawful sale found therein, is a proper exercise of the police power of the state, and constitutional.

3. The complaint and warrant herein were sufficient to authorize the search of the place and seizure of the intoxicating liquors there found. Whether the complaint was sufficient to authorize the search warrant as to property other than the liquors is a question not presented by the record, and not determined.

Appeal by defendant from a judgment of the district court for Clearwater county, entered pursuant to the order of Stanton, J., affirming the judgment of a justice court convicting him of the offense of keeping an unlicensed drinking place in violation of R. L. 1905, § 1550, and sentencing him to pay a fine of $100, or, in default thereof, to serve ninety days in jail. Affirmed.

*Wm. A. McGlennon,* for appellant.

*George T. Simpson,* Attorney General, and *Oscar T. Stenvick,* County Attorney, for the State.

START, C. J.

The defendant was convicted in justice court of the offense of keeping an unlicensed drinking place, in violation of R. L. 1905, § 1550, and sentenced to pay a fine of $100, and in default thereof to be committed to the county jail for ninety days. The defendant appealed from the judgment on questions of law alone, to the district court of the county of Clearwater. A search warrant was also issued, pursuant to R. L. 1905, § 1553, and by virtue thereof the sheriff found and seized, on the premises described in the warrant, intoxicating liquors, bottles, glasses, and bar fixtures of the value of $600. After the appeal from the judgment convicting the defendant of the offense charged, but on the same day, the justice made an order reciting that an appeal had been taken, and directing the sheriff, in case the judgment should be sustained on appeal, to destroy the liquors, and to sell the other personal property in his possession by virtue of the search warrant. The result of the appeal to the district court was a judgment affirming the judgment of the justice convicting the defendant, and further adjudging that the sheriff destroy the li-

quors and sell the other property seized on the warrant as upon execution. The defendant appealed from this judgment to this court.

1. His first contention here is that the justice had no jurisdiction of the offense charged, because the defendant, under the statute creating it, may be punished by a fine exceeding $100 or by imprisonment in the county jail exceeding ninety days. If such be a proper construction of the statute, the justice was without jurisdiction. Const. Minn. art. 6, § 8.

The statute (section 1550) declares a violation of it to be a misdemeanor, punishable by a fine of not less than $50 or by imprisonment in the county jail for not less than thirty days, but does not fix the maximum penalty. This section does not purport to fix or prescribe the punishment for a violation of the statute. It simply fixes a minimum limit of punishment, and by necessary implication forbids a lesser punishment in cases of conviction under the statute, and to this extent only it limits the application in such cases of R. L. 1905, § 4763, which provides that: "Whoever is convicted of a misdemeanor for which no punishment is prescribed by any statute in force at the time of conviction and sentence shall be punished by imprisonment in the county jail for not more than three months or by a fine of not more than one hundred dollars." It follows, from a consideration of the two sections, that the punishment for the offense of keeping an unlicensed drinking place is by a fine not less than $50 nor more than $100, or by imprisonment in the county jail not less than thirty days nor more than three months, and that a justice of the peace has jurisdiction of the offense. State v. Kight, 106 Minn. 371, 119 N. W. 56.

The fact that the statute (section 1554) provides for the destruction of the liquors and the sale of other property used in the business of keeping an unlicensed drinking place, which in this case were of value of $600, does not affect the jurisdiction of the justice to hear and determine the complaint for a violation of the statute, for the reason that the forfeiture and disposition of such property follows, as an incident to the conviction, as a proper exercise of the police power of the state. The judgment appealed from,

in so far as it convicts and punishes the defendant for keeping an unlicensed drinking place, is valid.

2. This brings us to the question whether the judgment is valid in so far as it directs the destruction of the liquors and the sale of the other property used in keeping the forbidden place. It is the contention of the defendant in this connection that the statute (R. L. 1905, §§ 1553, 1554) is unconstitutional, for the reason that it provides for the seizure and sale of private property without due process of law.

We held, in the case of State v. Stoffels, 89 Minn. 205, 94 N. W. 675, that a similar statute was constitutional, for the reason that: "No one questions the validity of laws providing for the issuing of warrants for the search, seizure, and destruction of implements of gaming, lottery tickets, and obscene books, and other similar articles and means of crime. But it has been questioned by some courts whether intoxicating liquors are property of such character as to be subject to the application of this rule. They do not per se fall within the rule; but on principle, and the great weight of judicial authority, it must be held that when they are kept for sale in violation of the laws of the state, and are intended to be used as the subject or means of crime, it is a question solely for the lawmaking power to determine whether they ought to be subjected to the rule we have stated. Therefore statutes authorizing the issuance of search warrants to search for intoxicating liquors illegally kept for sale, and directing their seizure when found, and their forfeiture or destruction, are constitutional." We hold the statute constitutional.

The last contention to be considered is to the effect that the warrant of arrest, in so far as it directed a search for and seizure of the liquors and property used in the keeping of the unlicensed drinking place, was void, for the reason that there was no complaint on oath describing the place to be searched and the things to be seized, as required by article 1, § 10, of the constitution of the state. The search and seizure warrant was properly included in the warrant of arrest as an incident thereto, by virtue of the statute (section 1553). State v. Stoffels, supra. The warrant substantially described the place to be searched, and the things to be seized, namely, the

intoxicating liquors and other property used in connection with the unlawful business. The ultimate question, however, is whether the warrant in this respect is supported by the complaint; that is by an oath, within the meaning of the constitution.

The complaint, which was duly sworn to, sufficiently described the premises which the defendant was charged with keeping as an unlicensed drinking place, and stated that he did keep and sell therein intoxicating liquors contrary to the statute, but made no reference to other things connected with the business, such as bottles, jugs, kegs, bar, and fixtures; that is, the necessary equipment of the unlawful business. It is apparent from the very nature of the case that there can be no specific description of such equipment in advance of seizure, and to require it would defeat the purpose of the statute. Therefore a general description in the complaint and warrant of the equipment, if as specific as the nature of the case will reasonably permit, is all that is required. It follows that the complaint and warrant in this case were unquestionably valid as to the arrest of the defendant and the seizure of the intoxicating liquors.

Whether the defendant would have been entitled, on motion made in due time, to have had the equipment released from the custody of the sheriff, on the ground that the seizure as to it was not justified by the complaint, is a question not presented by the record. No such motion or claim was made in justice court.

The evidence taken on the trial of the defendant was not made a part of the record, or returned to the district court on the appeal to that court on questions of law alone, and the presumption is conclusive that the defendant did, as a matter of fact, keep an unlicensed place, and that the intoxicating liquors and other property found and seized therein by the sheriff were, as a matter of fact, used by the defendant in the unlawful act of keeping such place.

It follows, by virtue of the statute, that such liquors and property were forfeited, and after the conviction of the defendant the sheriff was legally ordered to destroy the liquors and to sell the other property; that is, the equipment of the unlawful place.

Judgment affirmed.