## CITY OF ST. PAUL v. SHERMAN W. CLARK.[1]

March 29, 1935.

No. 30,403.

184

*Stacker & Stacker* and *William M. Serbine,* for appellant.
*John L. Connolly* and *Irving Gotlieb,* for respondent.

LORING, JUSTICE.

The defendant was convicted of violation of an ordinance fixing minimum taxi fares in the city of St. Paul. He comes here contending that the city has neither express nor implied power under its charter to fix minimum rates and that even if it has such power there is no justification for its exercise of police power in this respect.

The city has, of course, no power to legislate except such as may be given it by the legislature, but if a power may be necessarily or fairly implied from powers expressly granted it will be held that the legislature intended to grant such implied power. 4 Dunnell, Minn. Dig. (2 ed. & Supp. 1934) § 6684, and cases cited. Section 127 of the city charter provides that the council shall have power by ordinance:

"1.   To define, license, regulate and restrain:

*     *     *     *     *     *

"k.   Draymen, cartmen, cabmen, hackmen, omnibus drivers and chauffeurs.

"l.   Vehicles of all kinds whatsoever, and the use of the streets, public thoroughfares, highways and places by such vehicles; and also the carrying and hauling of persons and property for hire."

We are of the opinion that the power to license and regulate the carrying of persons for hire by cabmen necessarily carries with it the power to regulate the rates for such carriage wherever the public interest is involved. Commonwealth v. Gage, 114 Mass. 328. If that public interest may be reasonably served by fixing minimum rates the ordinance before us may be sustained. Nebbia v. New York, 291 U. S. 502, 54 S. Ct. 505, 78 L. ed. 940, 89 A. L. R. 1469.

The burden of proving that the ordinance is unreasonable or that the public interest is not involved and consequently that the ordinance does not come within the police power of the city is on the party attacking the validity of the ordinance. Jay Burns Baking Co. v. McKelvie, 108 Neb. 674, 189 N. W. 383, 26 A. L. R. 24, 27. The record before us is barren of any showing whatever except a violation of the ordinance by the defendant. Therefore, unless conditions of which we take judicial notice render the ordinance beyond the police power, we are bound to sustain its validity under the familiar presumption in favor of the constitutionality of such legislation. Metropolitan Cas. Ins. Co. v. Brownell, 294 U. S. 580, 584, 55 S. Ct. 538, 540, 79 L. ed. 564, 566, 6 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 8929. There may be conditions existing in St. Paul which justify the furtherance of the public interest by the fixing of minimum rates for taxicabs. It may be that the public interest is served in the matter of the quality of service and the safety thereof which justifies the fixing of minimum rates. We are not informed otherwise and consequently upon this record must sustain the ordinance and the conviction of the defendant.

Affirmed.