JOHN J. STARRETT v. NELS A. PEDERSEN.[1]

December 11, 1936.

No. 30,952.

*John C. Haave,* for appellant.
*C. A. Rolloff,* for respondent.

HILTON, JUSTICE.

Action in replevin brought by plaintiff to recover a quantity of intoxicants seized by defendant in his capacity as sheriff upon the arrest of plaintiff on the charge of unlawfully having intoxicating liquor in his possession for the purpose of sale.

The facts, as found by the lower court, were stipulated. In Chippewa county, one of the so-called dry counties of this state, it was unlawful to have in one's possession intoxicating liquor for the purpose of sale for use as a beverage. See 3 Mason Minn. St.

[1]Reported in 270 N. W. 131.

1934 Supp. §§ 3200-5, 3200-30, 3200-51. On May 31, 1935, plaintiff was arrested upon the charge of having violated that statute. A fine imposed after his plea of guilty was paid. At the time he was arrested 27 cases of assorted hard liquors and three cases of ale, all being of the estimated value of $400 and still in the original packages, were found in plaintiff's possession. It was seized by the sheriff. Plaintiff was the owner thereof. State and federal taxes had been paid thereon. All necessary labels were properly attached. After the fine had been paid plaintiff demanded the return of the liquor. The sheriff refused, basing his refusal on the ground that the liquor was used and possessed in violation of the law and, as such, was subject to confiscation. This action in replevin then was brought. From a judgment for the sheriff, plaintiff appealed.

Generally a party cannot successfully maintain a cause of action in which it is necessary for him, in order to prevail, to rely on an illegal or immoral act or transaction to which he is a party. Gloyd v. Hotel LaSalle Co. 221 Ill. App. 104; Lloyd v. North Carolina R. Co. 151 N. C. 536, 56 S. E. 604, 45 L.R.A.(N.S.) 378. It is apparent that had plaintiff sold some of the liquor in violation of the law he could not have successfully maintained an action for the recovery of the unpaid purchase price. No rights can be acquired by virtue of the complainant's own unlawful act or wrong. Finley v. Williamson, 202 Mo. App. 276, 215 S. W. 743; Jones v. New York, N. H. & H. R. Co. 275 Mass. 139, 175 N. E. 487. Although there are no statutes in this state authorizing confiscation of liquor seized as in a case like this, it seems that on general common-law principles plaintiff's action must fail.

In Dufek v. Harrison County (Tex. Civ. App.) 289 S. W. 741, 742, the plaintiff, as a prisoner in the county jail, was unable to give a bail bond. He then induced the sheriff to liberate him on his posting $1,000 cash, the same amount required to be guaranteed by the bond. The sheriff in turn delivered the money over to the clerk of court; subsequently plaintiff brought an action against the clerk to recover the money. It was held that he could not maintain the action, for to do so he "must necessarily disclose an illegal purpose as the groundwork of his claim." In Clark v. United States, 102

U. S. 322, 26 L. ed. 181, the plaintiff bribed a public official. The act was discovered and the money used for that purpose confiscated by the government. In an action brought to recover the same it was held that plaintiff could prevail against neither the corrupted official nor the United States. There, as here, the property sought to be recovered had been used for an illegal purpose though in neither case was the property *mala in se.*

Under a statute of California a sales tax of two and one-half per cent was levied on all gross sales of merchandise. One Schur maintained a place of amusement, the sole source of revenue thereof being derived from income received from the operation of games of skill or chance. The winners, when there were any, were rewarded presumably in merchandise although it appeared that cash generally was the prize. Schur, under protest, paid the sales tax on a gross business of about $50,000. In Schur v. Johnson, 2 Cal. App. (2d) 680, 38 P. (2d) 844, he sued to recover the amount paid, alleging that his business was not subject to the tax for in fact he made no sales of merchandise but in reality gave cash to practically every customer who won on the games. A demurrer to the complaint was sustained on the ground that it appeared that Schur's establishment might have been a gambling house. The court held that the money he paid over in taxes was illegally acquired and that it would not lend its aid to promote transactions which were against public policy and in conflict with the welfare and morals of society. So it is with the instant case. To return the liquor to plaintiff would facilitate and encourage further breaking of the law. Replevin is a purely possessory action. In order to entitle plaintiff to recover it must be shown that he has a present right of possession which he can enforce without bringing to his aid his illegal acts. Here he cannot so do, for his claimed rights rest on his unlawful possession of the liquor in a territory where the possession for the use intended was forbidden.

In Burke v. American Legion, 14 Ohio App. 243, the defendant seized and destroyed, without warrant of law, a large quantity of literature, books, pamphlets, etc., belonging to an organization whose purpose, according to the complaint of the plaintiff, was to over-

throw the government of the United States. Plaintiff, as representative of that organization, brought an action for damages, claiming that it had been deprived of its rights under the due process clause. It was held that the action could not be successfully maintained. The organization had no legal right to continue its activities; therefore no liability could be imposed upon the defendant for hindering the furtherance of those activities.

Here the court will not aid the plaintiff by restoring to him property which again might be used in violation of the law. Judicial process may not be invoked in furtherance of such a purpose. A violator of a criminal law cannot recover for an injury to which his own criminality was a directly contributing cause, for the law on its civil side will not aid one seeking relief from the consequences of his own transgression. Bourne v. Whitman, 209 Mass. 155, 95 N. E. 404, 35 L.R.A.(N.S.) 701.

"No vested or constitutional right exists to use or allow the use of property for purposes injurious to either public health or morals, and an owner, with knowledge or notice in the premises, cannot complain if loss ensues, when the law deals with the property in any way reasonably necessary for the suppression of the evil in connection with which it is used." State ex rel. Robertson v. New England F. & C. Co. 126 Minn. 78, 81, 147 N. W. 951, 952, 52 L.R.A.(N.S.) 932, Ann. Cas. 1915D, 549.

Affirmed.