STATE v. GEORGE RONNENBERG.[1]

February 5, 1943.

No. 33,345.

*Henry H. Bank,* for appellant.

*R. S. Wiggin,* City Attorney, and *Leo P. McHale,* Assistant City Attorney, for the State.

HILTON, JUSTICE.

Defendant was convicted of selling intoxicating liquor without a license in violation of an ordinance of the city of Minneapolis. On the appeal he contends that the evidence is insufficient to sustain the conviction.

The evidence shows that some police officers gave one Bojin two marked one-dollar bills and sent him to an apartment to purchase a bottle of whiskey. The officers watched Bojin enter the apartment. When he returned he handed the officers a bottle of whiskey upon which they placed an identification mark. The officers then entered the apartment, where they found defendant attired in sleeping apparel. Upon making a search, they found 376 bottles of whiskey, 16 of which were of the brand which Bojin had obtained at the apartment. According to police officer Helin, defendant admitted that he was selling the liquor found on the premises, but he did not admit selling the bottle of whiskey to Bojin. He explained, however, that what he did was done to help

[1] Reported in 7 N. W. (2d) 769.

the woman who lived in the apartment, who was sick in bed at the time. It appeared later that Bojin did not use the two marked one-dollar bills to make the purchase but used other money which he had on his person. Neither defendant nor the woman had a license to sell intoxicating liquors.

At the trial defendant testified that he did not live in the apartment in question, but in another building nearby; that at the time he was merely visiting with the woman who lived in the apartment; that he did not at any time sell any intoxicating liquor, either to Bojin or to anyone else; and that he did not make the admissions which the officers testified he made. On cross-examination defendant admitted two prior convictions for the unlawful sale of intoxicating liquor.

The evidence sustains the finding of guilt. The large amount of liquor found in the apartment by the officers permitted an inference that it was kept there for purposes of sale rather than for use by the occupant. The testimony that Bojin went to the apartment and procured a bottle of liquor was evidence of such a sale. Defendant's admissions to the police officers that he had sold liquor there was substantive evidence of his guilt. The fact that Bojin did not use the two marked one-dollar bills given him by the police officers to make the purchase was a matter to be considered by the trier of fact. There was evidence by defendant that he was not guilty, but the trial court was not bound to accept his testimony as true, not only because he was impeached but also because of the surrounding circumstances, which were strongly indicative of guilt. Where, as here, the evidence is in conflict, it is for the trial court to determine which version to adopt. The conviction is amply sustained by the evidence.

Affirmed.