## STATE v. GROVER C. CAPITO.[1]

May 28, 1943.

No. 33,497.

[1]Reported in 9 N. W. (2d) 734.

*Samuel H. Bellman,* for appellant.

*R. S. Wiggin,* City Attorney, and *Leo P. McHale,* Assistant City Attorney, for the State.

JULIUS J. OLSON, JUSTICE.

Defendant appeals from a judgment convicting him of violating a Minneapolis ordinance relating to sale and possession for sale of intoxicating liquors.

On Sunday morning, November 8, 1942, two police officers observed defendant parking his car in front of an apartment building. They had been informed "that a man was to make delivery there." They observed defendant getting out of his car, entering the building, and ascending a stairway. One of the policemen followed him and confronted him as he came through the door of an apartment in the building with bills of money in his hand. He admitted to the officer that "he was doing a little overtime delivery." The officers searched the car and found in the body of it three cases of assorted whiskeys. Examination of the trunk of the car disclosed three more such cases. Defendant's explanation, that "he was delivering or selling liquor was because of the fact that he did not want to be on relief; he wanted to support himself and his daughter," admits guilty possession. Searching defendant, one of the officers found two additional pints of whiskey in his pockets. Defendant discreetly refrained from testifying.

His principal claim here is that the evidence was insufficient to prove that the liquor so found in his possession, under the circumstances here disclosed, was for the purpose of sale. Section 1 of the ordinance provides:

"No person * * * shall sell, exchange, barter, dispose of or keep for sale any intoxicating liquor * * * without first having obtained a license." It defines the words "sale" and "sell" as including "all barters and all manners or means of furnishing intoxicat-

ing liquor or liquors, including the selling, exchange, barter, disposition of or keeping for sale such intoxicating liquor."

We are in full accord with the trial court's finding of guilt. As said in the recent case of State v. Ronnenberg, 214 Minn. 272, 273, 7 N. W. (2d) 769: "The large amount of liquor found in the apartment by the officers permitted an inference that it was kept there for purposes of sale rather than for use by the occupant." Here the evidence is even more persuasive, since it would require a very gullible mind to arrive at the conclusion that defendant was carrying this large amount of liquor for his own use. Absent any explanation on his part, the evidence leads to no other conclusion than that his possession was for the very purpose of making sales thereof. The appeal is entirely without merit; and the judgment is affirmed.

Affirmed.

