## STATE v. PHILLIP MUELLER.[1]

November 17, 1944.

No. 33,835.

[1]Reported in 16 N. W. (2d) 777.

*R. M. Saltness,* for appellant.

*J. A. A. Burnquist,* Attorney General, and *Ralph A. Stone,* Assistant Attorney General, for the State.

THOMAS GALLAGHER, JUSTICE.

Defendant was arrested in Madison, Lac qui Parle county, Minnesota, on July 24, 1943, charged with the offense of having intoxicating liquor in his possession for sale without a license. He was arraigned at the general term December 16, 1943, and interposed a plea of not guilty. A jury was impaneled, and he was tried on the charge contained in an information filed, and a verdict of guilty was returned on the above date. The court thereupon entered judgment and sentenced him to a fine of $50 and to 60 days in the county jail. The appeal is from the judgment.

Upon appeal, defendant contends (1) that the evidence was insufficient to sustain the verdict and judgment of conviction; and (2) that the court erred in giving the following instruction to the jury: "It is * * * undisputed in this case and stands established that the defendant had this liquor here introduced in evidence in his possession."

The facts leading to defendant's arrest as testified to by the sheriff of Lac qui Parle county are as follows: About 11 o'clock in the evening of Saturday, July 24, 1943, the sheriff, while sitting in his car on the east side of Fifth avenue between Second and Third streets in the city of Madison, Minnesota, observed defendant come out of the Happy Hour tavern there and walk over to a car parked some distance north of the sheriff's car on the same side of the street. He saw defendant open the door of the car, remain there for a short time, and then go back into the tavern. Some time later he observed defendant again come to the car and shortly thereafter return to the tavern.

A little later defendant once more came out to the car, whereupon the sheriff walked over to him and asked: "How is business?" to which defendant replied: "Not very good." The sheriff thereupon told him he was under arrest, and reached into the car and re-

moved one pint bottle and a case containing 20 one-half pint bottles of whiskey.

He placed defendant in custody and took him and the liquor to the county jail. As they drove off in the sheriff's car, defendant asked: "Why pick on me?" to which the sheriff replied: "Well, you have no license to sell whiskey, have you?" To this defendant replied: "I haven't been selling very much lately, and there are other people that are supposed to be respectable that sell more than I do."

The sheriff's testimony was corroborated by that of Ole Elvekrog, a police officer of Madison, who was in the tavern on the same evening at the same time, and who testified that he talked with defendant there and saw him leave the tavern for a time and later come back and hand to a man near the bar a small, flat package about eight or nine inches long wrapped in newspaper. He testified that he did not know what was in the package and paid no particular attention to the transaction; that a little later the same night he saw defendant leave the tavern again and come back and hand a brown bottle to one of several persons standing near the bar about 20 feet away; that he did not know what was in the bottle or remember the man to whom it was handed, and that he did not investigate the transaction, because he considered it to be none of his business; that he was not there by prearrangement with the sheriff and did not know until later that the sheriff had arrested defendant.

Defendant did not testify in his own behalf. His only witness, Evangeline Page, testified that she had possession of defendant's Model A Ford on that night at the time in question and at a place some distance from where the car involved was parked. It does not appear who owned the latter car.

■ We are convinced that the evidence as outlined above is ample to sustain the verdict of the jury and the judgment of the trial court. Reasonable minds would find difficulty in drawing any other conclusion from the facts. While it is true that, to support a conviction, circumstantial evidence must exclude every reasonable

hypothesis except that of guilt, it would seem clear, in view of the undisputed facts here, that every such other reasonable hypothesis has been excluded. The fact that the automobile in which the liquor was found did not belong to defendant is not material. Regardless of the ownership of this car, it cannot be doubted that its custody and the custody of the liquor therein at the times in question were in the defendant. See, 33 Wd. & Phr. (Perm. ed.) Possession—Intoxicating Liquor, pp. 87 to 92, and Pocket Part.

As to the evidence regarding sale, the testimony of the police officer, coupled with the admissions of defendant after his arrest, amply sustain the jury's finding that defendant was actually engaged in selling the liquor under his control in the automobile at the time of and shortly prior to his arrest.

■ As to the court's instruction here complained of, that "It is also undisputed * * * that the defendant had this liquor * * * in his possession," the record discloses that it was not inconsistent with the undisputed facts established in the case. The technical distinction urged by defendant that the liquor was not in his possession because the automobile in which it was kept did not belong to him is contrary to well-established rules on this point. See, 33 Wd. & Phr. (Perm. ed.) Possession—Intoxicating Liquor, pp. 87 to 92, and Pocket Part. We hold that there was no reversible error in the instruction.

Judgment affirmed.